IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MCNEILL and CINDY MCNEILL, Michigan Residents,

    Plaintiffs,

v.

CARTER-JONES COMPANIES, INC.
(doing business as Carter Lumber Company),
A Domestic Profit Corporation,

    Defendant.
_____/

Case No. 22-

HON.

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 FAX
cmorgan@courtneymoganlaw.com
bkeck@courtneymorganlaw.com
_____/

There is no other pending civil action arising out of
the transaction or occurrence alleged in the complaint.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, GREGORY MCNEILL and CINDY MCNEILL, by

and through their attorneys, LAW OFFICES OF COURTNEY MORGAN, PLLC,

and state as their cause of action against the above-named Defendant the following:

1

## JURISDICTION AND VENUE

1. Plaintiff Gregory McNeill is a resident of the County of Livingston, State of Michigan, and is the husband of Plaintiff Cindy McNeill.

2. Plaintiff Cindy McNeill is a resident of the County of Livingston, State of Michigan and is the wife of Plaintiff Gregory McNeill

3. Defendant Carter-Jones Companies, Inc. (hereinafter "Carter Lumber"), is a domestic profit company incorporated under the laws of the State of Ohio that at all times herein relevant, transacted and did business in multiple counties in the State of Michigan, including Livingston, Oakland, Ingham, Macomb, etc. Its principal place of business is in the State of Ohio.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs, and attorney fees.

5. Diversity jurisdiction is proper under 28 USC § 1332(a)(1).

6. Venue is proper under USC § 1391(b)(1)&(2) since the location of the acts and occurrences which form the basis of this complaint occurred in the Township of White Lake, County of Oakland, and State of Michigan.

## FACTUAL ALLEGATIONS

7. Defendant Carter Lumber at all relevant times owned, operated, and controlled the Carter Lumber facility located at 16700 S US 27, Lansing, Michigan.

8. Upon knowledge and belief, Defendant Carter Lumber, as principal, entered into a contractual relationship with Better Built Homes, General Contractor, to manufacture and deliver lumber trusses manufactured and/or produced at the Carter Lumber Lansing facility.

9. Upon knowledge and belief, Trio Carpentry was subcontracted to install the Carter Lumber produced trusses.

10. Plaintiff Gregory McNeill at all pertinent times was a part owner and an employee of Trio Carpentry.

11. On July 9, 2021, Trio Carpentry was hired to install trusses manufactured by Carter Lumber pursuant to a contract with Better Built Homes at 7430 Denali, White Lake Township, MI 48383.

12. On July 9, 2021, the Trio Carpentry crew, including Plaintiff Gregory McNeill, were in the process of lifting Carter Lumber trusses, utilizing a boom truck, so that they could be installed at the top of the structure.

13. Several trusses were lifted and sited by the Trio Carpentry crew without incident in a manner that was an intended and/or foreseeable use of such product.

14. As one truss was lifted into the air, the truss fractured at the top cord, fell, and struck Plaintiff Gregory McNeill.

15. Plaintiff McNeill was initially transported via ambulance from the scene to McLaren Oakland where he was diagnosed with: finger laceration; fracture

of medial orbital wall, left side; fracture, nasal bone; open fracture of frontal sinus; closed fracture of maxilla; fracture of C1 vertebra; fracture of malleolus of right ankle; cervical spine fracture; orbital fracture; fracture of occipital condyle; facial trauma; frontal sinus fracture; and, ankle fracture, right.

16. Plaintiff McNeill was then transferred via ambulance to Royal Oak Beaumont Hospital given the severity of his injuries.

17. X-rays revealed there were a skull fracture, requiring a surgical plate to be placed in his forehead, eye reattachment surgery and sinus reconstruction. In addition, Plaintiff sustained fractures at C1, C3, C4 and C5 and a fracture of a thoracic vertebra. Plaintiff also had a severe tibia fibula fracture of the right leg, requiring surgery with plates and screws in the right ankle, and lacerations to the chest.

**COUNT I – PRODUCT LIABILITY AS TO DEFENDANT CARTER-JONES COMPANIES, INC.  - UNDER MCL 600.2946, et al.**

Plaintiffs hereby reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state the following:

18. Defendant Carter Lumber produced the top cord of the truss in question that was defective and was unreasonably dangerous to installers, such as Plaintiff Gregory McNeill thereby invoking Section 2946 of Act 236 of 1961(MCL 600.2946).

4

19. Defendant Carter Lumber was under a duty to ensure that the top cord of the truss in question was properly manufactured, inspected, and constructed according to contractual agreements and industry standards, and were reasonably fit for intended and foreseeable uses, in order to ensure that workers, such as Plaintiff Gregory McNeill were not exposed to dangerous conditions when conducting foreseeable installation of trusses.

20. Defendant Carter Lumber owed a duty to use reasonable care in the design and manufacture of the product such that it would not expose individuals, such as Plaintiff Gregory McNeill, to unreasonable risk of injury.

21. Defendant Carter Lumber was under a duty to supply the top cord of the truss in question in compliance with appliable standards, specifically those set forth in the renderings at issue in this case.

22. Defendant Carter Lumber breached their duty by:

    a. Producing the top cord of the truss in question not in accordance with the renderings/specifications at issue in this case;

    b. Producing the top cord of the truss in question not in accordance with applicable standards at issue in this case;

    c. Producing the top cord of the truss in question not in accordance with SPF-2 specifications;

  d. Other acts and omissions to be discovered throughout the course of discovery.

23. As a direct and proximate result of Defendant Carter Lumber's acts and omissions, Plaintiff Gregory McNeill suffered injuries including but not limited to:

  a. Skull fracture, requiring a plate to be implanted in his forehead;

  b. Retinal detachment, requiring reattachment surgery;

  c. Sinus and nose reconstruction surgery;

  d. Fractures of C1, C3, C4, and C5;

  e. Fracture of thoracic vertebra;

  f. Severe tibia/fibula fracture requiring surgical intervention of plates and screws in right ankle;

  g. Lacerations to the chest;

  h. Pain, suffering, and emotional distress, past, present, and future;

  i. Humiliation, mortification, fright, and embarrassment, past, present, and future;

  j. Medical expenses;

  k. Loss of earning capacity;

  l. Permanent disability and disfigurement;

  m. Emotional and mental suffering, past, present, and future;

  n. Loss of enjoyment of life past, present, and future;

      o.    Attorney fees and legal costs;

      p.    Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, Plaintiffs respectfully request that this Court award damages against Defendant Carter-Jones Companies, Inc., in an amount not less than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

### COUNT II- PRODUCT LIABILITY UNDER MCL 600.2946a(3) and MCL 600.2949a AS TO DEFENDANT CARTER-JONES COMPANIES, INC.

Plaintiffs hereby reallege and incorporate by reference, each and every paragraph above, as though fully set forth herein, and further states, in the alternative, the following:

24.    Prior to the distribution of the top cord of the truss in question, Defendant Carter Lumber was aware that the wood in question was not in conformity with the renderings/specifications and would render the top cord of the truss in question more likely to fail during foreseeable handling and/or installation.

25.    The top cord of the truss in question was expected to and did reach Plaintiff without substantial unforeseeable alteration from the condition in which it was sold.

26. At all times pertinent to this Complaint, pursuant to MCL 600.2946(2), Defendant Carter Lumber owed the general public, including Plaintiffs, a duty to design, manufacture, assemble, inspect, and distribute the top cord of the truss in question in a reasonably safe condition according to generally accepted production practices at the time and to provide the practical and technically feasible alternative production practices available at the time the device left the Defendant's control. This included, but was not limited to, using the appropriate type of lumber as specified in the renderings, such that it would not fail during foreseeable handling.

27. Notwithstanding said obligation, and in breach thereof in violation of MCL 600.2946, Defendant Carter Lumber was grossly negligent in the design, manufacture, assembly, inspection and/or distribution of the top cord of the truss in question as they designed, manufactured, inspected, assembled, and/or distributed the top cord of the truss in question in a manner that was known to be unsafe and have an unreasonable risk of resulting in failure during foreseeable installation as the lumber used for the top cord of the truss in question were not constructed with the specified material as called out in the renderings, the top cord of the truss in question was not in accordance with generally accepted production practices, demonstrating a substantial lack of concern for whether injury or death would result to individuals such as Gregory McNeill.

28. In designing, manufacturing, assembling and inspecting the top cord of the truss in question, Defendant Carter Lumber was grossly negligent and acted with willful disregard for the safety of individuals such as Plaintiff Gregory McNeill in violation of MCL 600.2946(a)(3) and 600.2949a, by:

    a. Producing the top cord of the truss in question not in accordance with the renderings/specifications at issue in this case;

    b. Producing the top cord of the truss in question not in accordance with applicable standards at issue in this case;

    c. Producing the top cord of the truss in question not in accordance with SPF-2 specifications;

    d. Other acts and omissions to be discovered throughout the course of discovery.

29. As a direct and proximate result of the above referenced gross negligence and/or willful disregard for safety of Defendant Carter Lumber, Mr. McNeill suffered:

    a. Skull fracture, requiring a plate to be implanted in his forehead;

    b. Retinal detachment, requiring reattachment surgery;

    c. Sinus and nose reconstruction surgery;

    d. Fractures of C1, C3, C4, and C5;

    e. Fracture of thoracic vertebra;

 f. Severe tibia/fibula fracture requiring surgical intervention of plates and screws in right ankle;

 g. Lacerations to the chest;

 h. Pain, suffering, and emotional distress, past, present, and future;

 i. Humiliation, mortification, fright, and embarrassment, past, present, and future;

 j. Medical expenses;

 k. Loss of earning capacity;

 l. Permanent disability and disfigurement;

 m. Emotional and mental suffering, past, present, and future;

 n. Loss of enjoyment of life past, present, and future;

 o. Attorney fees and legal costs;

 p. Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, Plaintiffs respectfully request that this Court award damages against Defendant Carter-Jones Companies, Inc., in an amount not less than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

### COUNT III – BREACH OF IMPLIED WARRANTY AS TO DEFENDANT CARTER-JONES COMPANIES, INC.

Plaintiffs hereby reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state the following:

30. At all times pertinent to this Complaint, the top cord of the truss in question was not reasonably fit for its intended, anticipated, or reasonably foreseeable use, given that the top cord of the truss in question failed during the course of normal foreseeable installation, consistent with the existence of underlying defects, including but not limited to those set forth in this Complaint. This constitutes a breach of said implied warranty.

31. As a direct and proximate cause of Defendant Carter Lumber's breach of implied warranty Plaintiff Gregory McNeill suffered injuries including but not limited to:

    a. Skull fracture, requiring a plate to be implanted in his forehead;

    b. Retinal detachment, requiring reattachment surgery;

    c. Sinus and nose reconstruction surgery;

    d. Fractures of C1, C3, C4, and C5;

    e. Fracture of thoracic vertebra;

    f. Severe tibia/fibula fracture requiring surgical intervention of plates and screws in right ankle;

    g. Lacerations to the chest;

    h. Pain, suffering, and emotional distress, past, present, and future;

  i. Humiliation, mortification, fright, and embarrassment, past, present, and future;

  j. Medical expenses;

  k. Loss of earning capacity;

  l. Permanent disability and disfigurement;

  m. Emotional and mental suffering, past, present, and future;

  n. Loss of enjoyment of life past, present, and future;

  o. Attorney fees and legal costs;

  p. Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, Plaintiffs respectfully request that this Court award damages against Defendant Carter-Jones Companies, Inc., in an amount not less than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

### COUNT IV – LOSS OF CONSORTIUM CLAIM AS TO PLAINTIFF CINDY MCNEILL

Plaintiffs hereby reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state the following:

32. As a result of this incident, Plaintiff Gregory McNeill's spouse, Plaintiff Cindy McNeill, has suffered and will continue to suffer a loss of her husband's services, society, companionship and consortium.

WHEREFORE, Plaintiffs respectfully request that this Court award damages against Defendant Carter-Jones Companies, Inc., in an amount not less than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

        Respectfully submitted,

        LAW OFFICES OF COURTNEY MORGAN PLLC

BY: /s/ COURTNEY E. MORGAN, JR.
      COURTNEY E. MORGAN, JR. (P29137)
      BRIAN T. KECK (P77668)
      Attorneys for Plaintiffs
      3200 Greenfield, Suite 355
      Dearborn, MI 48120-1802
      (313) 395-2568

DATED: July 20, 2022


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MCNEILL and CINDY MCNEILL, Michigan Residents,

    Plaintiffs,

v.

CARTER-JONES COMPANIES, INC.
(doing business as Carter Lumber Company),
A Domestic Profit Corporation,

    Defendant.
_____/

Case No. 22-

HON.

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 FAX
cmorgan@courtneymoganlaw.com
bkeck@courtneymorganlaw.com
_____/

## **DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs GREGORY MCNEILL and CINDY MCNEILL, by and through their attorneys LAW OFFICES OF COURTNEY MORGAN, PLLC, and hereby demand a jury trial in the above cause of action.

        Respectfully submitted,

        LAW OFFICES OF COURTNEY
        MORGAN PLLC

BY:  /s/ COURTNEY E. MORGAN, JR.
        COURTNEY E. MORGAN, JR. (P29137)
        BRIAN T. KECK (P77668)
        Attorneys for Plaintiffs
        3200 Greenfield, Suite 355
        Dearborn, MI 48120-1802
        (313) 395-2568

DATED:  July 20, 2022